# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERTA SINICO,<br><br>  Plaintiff,<br><br>  v.<br><br>LYONS MAGNUS, LLC, et al.,<br><br>  Defendants. | Case No. 1:22-cv-01479-JLT-SAB<br><br>ORDER DIRECTING CLERK OF COURT TO ADJUST THE DOCKET TO REFLECT VOLUNTARY DISMISSAL PURSUANT TO RULE 41(a) OF THE FEDERAL RULES OF CIVIL PROCEDURE<br><br>(ECF No. 19) |

Plaintiff Roberta Sinico, individually and on behalf of all others similarly situated, filed this putative class action on November 11, 2022.  (ECF No 1.)  On January 20, 2023, Defendants filed a motion to dismiss.  (ECF No. 10.)  No opposition to the motion to dismiss has been filed, no other responsive pleading has been filed, and no motion for class certification has been filed in this action.  On March 31, 2023, the District Judge granted the parties' motion to stay this action, and ordered dispositional documents to be filed within thirty (30) days.  (ECF No. 18.)  On April 14, 2023, Plaintiff Roberta Sinico filed a notice of voluntary dismissal of this action and his individual claims only pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i).  (ECF No. 19.)  Plaintiff dismisses this action without prejudice and with each party to bear their own costs and fees.

"[U]nder Rule 41(a)(1)(A)(i), 'a plaintiff has an absolute right to voluntarily dismiss his

1

action prior to service by the defendant of an answer or a motion for summary judgment.' " Commercial Space Mgmt. Co., Inc. v. Boeing Co., Inc., 193 F.3d 1074, 1077 (9th Cir. 1999) (quoting Wilson v. City of San Jose, 111 F.3d 688, 692 (9th Cir. 1997)).  "[A] dismissal under Rule 41(a)(1) is effective on filing, no court order is required, the parties are left as though no action had been brought, the defendant can't complain, and the district court lacks jurisdiction to do anything about it."  Commercial Space Mgmt. Co., Inc., 193 F.3d at 1078.  Courts do not generally consider a motion to dismiss to be an answer or a motion for summary judgment for purposes of Rule 41.  See Concha v. London, 62 F.3d 1493, 1506 (9th Cir. 1995) ("Even if the defendant has filed a motion to dismiss, the plaintiff may terminate his action voluntarily by filing a notice of dismissal under Rule 41(a)(1)."); Post Tension Cables Inc. v. Actuant Corp., No. 219CV01455RSLDWC, 2019 WL 6686679, at *1 (W.D. Wash. Nov. 12, 2019) ("Here, Defendant has not filed an answer or motion for summary judgment, and Defendant's Motion to Dismiss does not impact Plaintiff's ability to voluntarily dismiss this case."), report and recommendation adopted, No. 219CV01455RSLDWC, 2019 WL 6683775 (W.D. Wash. Dec. 6, 2019); Kun Yuan Asset Mgmt. Co. Ltd. v. Su, No. 21-CV-06236-BLF, 2022 WL 206794, at *1 (N.D. Cal. Jan. 24, 2022) ("While Defendant has filed a motion to dismiss, this does not constitute an 'answer or a motion for summary judgment' under Rule 41(a)(1)(A)(i)."); see also Crum v. Circus Circus Enterprises, 231 F.3d 1129, 1130 n.3 (9th Cir. 2000) ("A motion to dismiss is not a 'responsive pleading' within the meaning of Rule 15."); Appling v. Serv. Mgmt. Sys., Inc., No. F06-1645 AWILJO, 2007 WL 127973, at *1 (E.D. Cal. Jan. 12, 2007) ("Here, the Defendant did not file an answer, but instead filed a motion to dismiss and a motion to strike . . . Plaintiff was entitled to file his amended complaint as a matter of course under Rule 15(a).").

Pursuant to Rule 23(e) the "claims, issues, or defenses of a certified class--or a class proposed to be certified for purposes of settlement--may be settled, voluntarily dismissed, or compromised only with the court's approval."  Fed. R. Civ. P. 23(e).  On December 1, 2003, Rule 23(e) was amended to allow the "parties to a proposed class action to stipulate to dismissal of the action without any judicial approval where the class has not yet been certified."  Sample v.

Qwest Commc'ns Co. LLC, No. CV 10-08106-PCT-NVW, 2012 WL 1880611, at *3 (D. Ariz. May 22, 2012); see also Appeals by named plaintiffs and defendants, 4 Newberg on Class Actions § 14:11 (5th ed.) ("Rule 23 requires judicial approval of the settlement of certified cases only."). "The Advisory Committee Notes to the 2003 rules amendments confirm that Rule 23(e) does not apply to settlements or dismissals that occur before class certification." Sample, 2012 WL 1880661, at *3 (quoting Fed. R. Civ. P. 23(e) advisory committee's note ("The new rule requires approval only if the claims, issues, or defenses of a certified class are resolved by a settlement, voluntary dismissal, or compromise.").) "The drafters of the amendments intended to 'limit the reach of judicial approval' of voluntary dismissals of class action." Sample, 2012 WL 1880661, at *3 (quoting Alexandra N. Rothman, Bringing an End to the Trend: Cutting Judicial "Approval" and "Rejection" Out of NonClass Mass Settlement, 80 Fordham L.Rev. 319, 330 (citing Fed. R. Civ. P. 23, Summary of Proposed Amendments (Nov. 18, 2002) (explaining that approval "is not required if class allegations are withdrawn as part of a disposition reached before a class is certified, because in that case, putative class members are not bound by the settlement")). While the voluntary dismissal has been considered problematic, the revised rule does allow the parties to voluntarily dismiss the action without court approval where the class has not been certified. Sample, 2012 WL 1880661, at *3; see also Voluntary dismissal, 2 McLaughlin on Class Actions § 6:1 (17th ed.) ("where no class has been certified, voluntary dismissal or settlement of a putative class action in federal court is governed not by Rule 23, but by Rule 41 of the Federal Rules of Civil Procedure".) Here, no class has been certified and the matter is being dismissed without prejudice. Therefore, the Court finds that dismissal does not require court approval under Rule 23(e).[1]

---

[1] Courts have maintained differing views on this issue. See Pineda v. Sun Valley Packing, L.P., No. 120CV00169ADAEPG, 2023 WL 2793879, at *1 (E.D. Cal. Apr. 5, 2023) ("Rule 23(e), however, governs the dismissal of class actions, even before class certification has occurred."); Gutierrez v. J.M. Distrib., Inc., No. SACV2000617DOCJEM, 2020 WL 4355513, at *1 (C.D. Cal. June 3, 2020) ("The Ninth Circuit has interpreted this requirement to apply before certification as well."); Albers v. Yarbrough World Sols., LLC, No. 5:19-CV-05896-EJD, 2021 WL 1925520, at *1 (N.D. Cal. May 13, 2021) ("This holding pre-dates substantial amendments to Rule 23 in 2003, and courts in this district have noted 'some uncertainty' about the continued application of Rule 23(e) to precertification settlement proposals in the wake of the 2003 amendments . . . [b]ut our decisions have 'generally assumed that it does' apply . . . and this Court will follow Diaz to evaluate the proposed settlement and dismissal here."). However, this Court maintains its previous view and agreement with other courts that the 2003 amendment

Accordingly, the Clerk of the Court is HEREBY DIRECTED to adjust the docket to reflect voluntary dismissal of this action pursuant to Rule 41(a).

IT IS SO ORDERED.

Dated:  **April 17, 2023**

UNITED STATES MAGISTRATE JUDGE

---

changed the applicable standard. See Frias v. G4S Secure Sols. (USA) Inc., No. 120CV00403AWISAB, 2021 WL 2894453, at *1 (E.D. Cal. July 9, 2021) ("On December 1, 2003, Rule 23(e) was amended to allow the 'parties to a proposed class action to stipulate to dismissal of the action without any judicial approval where the class has not yet been certified.'"); Hall v. W. Ref. Retail, LLC, No. 519CV00855VAPSKX, 2021 WL 4497925, at *1 n.1 (C.D. Cal. June 23, 2021) ("Although some courts in this circuit have continued to apply Diaz, others have declined to do so in light of the amendments to Rule 23 . . . [and] [t]he Court is persuaded by the latter authorities and the plain language of the Rule and accordingly performs no further analysis under Rule 23."); Lee v. CVS Pharmacy, Inc., No. 320CV01923BENDEB, 2021 WL 308283, at *2 (S.D. Cal. Jan. 28, 2021) ("Previously, Rule 23 was written in such a manner that it was unclear whether court approval was required for dismissal of individual claims in a case that was originally filed as a class action, even if the settlement and dismissal did not pertain to the putative class claims . . . [h]owever, in 2003, the Congress revised Rule 23 to make clear that court approval is only required in a putative class action where the plaintiff seeks to approve a settlement of both individual and class claims . . . [thus] where the settlement and dismissal only pertain to the class representative's individual claims, court approval is not required to dismiss the individual claims as the putative class claims, having not yet been certified, have not come into existence; thus, there is nothing to dismiss.").